IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-01346-DME-KMT

B5 DESIGN, LLC and
DALE CRANE,

        Plaintiffs,

v.

SALAZAR SOLUTIONS, INC.,
MARIO A. SALAZAR and
TIA L. SALAZAR,

        Defendants.
_____

## PROTECTIVE ORDER
_____

Upon the stipulated motion of the parties pursuant to Fed. R. Civ. P. 26(c), and being fully advised in the premises, the court hereby ORDERS as follows.

    1.    The term "Confidential" or "Confidential Information" or "Attorneys Eyes Only," shall mean and include any documents, portions of documents, oral communications, information or other things furnished by any party, including third parties, answers to interrogatories, responses to requests to produce documents and other things, responses to requests for admissions, depositions, transcripts of depositions, all copies, extracts, summaries, compilations, designations and portions thereof, and technical or commercial information derived therefrom deemed by any party to be confidential information.

    2.    All of the documents produced and the information furnished by any of the parties pursuant to an agreement by the parties, the process of pre-trial discovery, or an order of the

Court which has been designated by any party as "Confidential" or "Confidential Information" or "Attorneys Eyes Only" shall be treated and maintained by the parties as confidential.

3. All documents which are produced in response to a document production request which a party intends to keep confidential shall be so designated by affixing the word "Confidential" or "Confidential Information" or "Attorneys Eyes Only" by stamp, sticker or other marking device to each confidential document.

4. Any document or other information designated as "Confidential," "Confidential Information" or "Attorneys Eyes Only" pursuant to this order shall be first reviewed by a lawyer, who, by permitting or affixing such designation, shall be deemed to have certified that the designation of the material is based on the lawyer's good faith belief that the information is confidential or otherwise entitled to protection.

5. All answers to written interrogatories which a party intends to keep confidential shall be so designated by affixing the word "Confidential" or "Confidential Information" or "Attorneys Eyes Only" to each page of the answers which contains confidential information.

6. All answers to oral interrogatories at depositions which a party intends to keep confidential shall be so designated either by a statement to this effect by the deponent's party's counsel at the deposition or by correspondence setting forth the confidential portions of the deposition. In either case, it shall be the responsibility of all parties to designate the requested portions of the deposition as confidential by affixing the word "Confidential" by stamp to each page of the deposition transcript which contains confidential information.

7. Any other confidential information shall be so designated by any means agreed upon between the parties.

8. Such confidential information, and all of the copies, summaries, compilations, notes and abstracts of confidential information, shall be used exclusively in this action and for no other purpose. Confidential information shall not be disclosed except as provided in this order.

9. Upon the conclusion of this action, all of the documents, and copies thereof, designated "Confidential" or "Attorneys Eyes Only" by either party shall be returned to the party who so designated the information confidential and all of the notes, abstracts or summaries of confidential documents shall be destroyed by the parties' counsel to whom such confidential information was disclosed, except that one copy may be maintained by counsel for each party as part of the file.

10. Any document, written interrogatory answer, or portion of deposition transcript designated as "Confidential" or "Attorneys Eyes Only" under this order shall, when filed with the Court, in addition to any other requirements for filing under seal, and to the extent not inconsistent with such requirements, be sealed in an envelope bearing the title of this action with an indication of the general nature of its contents and a statement substantially in the following form,:

> This envelope contains confidential documents filed in this case by (name of party) and, except by order of the Court or pursuant to stipulation by the parties, shall not be opened, nor the contents thereof displayed or revealed, to anyone other than to the Court or counsel of record.

11. Information designated "Confidential" may be disclosed only to the parties to this action, expert consultants and expert witnesses (collectively, "Experts") and their clerical assistants retained on behalf of any party, the Court and its employees, trial counsel and their

employees, professional assistants, persons performing copying services and others who have a *bona fide* need to review the contents of a party's case.

12. Information designated "Attorneys Eyes Only" may be disclosed only to outside counsel and their employees, professional assistants, persons performing copying services, Experts, and others working under the direction of outside counsel who have a *bona fide* need to review the contents of the party's case. Information designated "Attorneys Eyes Only" may not be disclosed to the parties or their in-house counsel.

13. At least five business days before disclosing Confidential Information to an Expert (the "Objection Period"), a party shall first identify to the originating party the name and curriculum vitae of the Expert. The Confidential Information may not be disclosed to the Expert until the originating party advises in writing that it has no objection to the disclosure, or the Objection Period has expired without the originating party objecting to the disclosure, whichever is earlier. If the originating party objects to the disclosure within the Objection Period, the Confidential Information may not be disclosed to the Expert without written agreement of the originating party or further order.

14. Any Expert to whom Confidential Information is disclosed shall agree in writing, before disclosure to the Expert, to be bound by the terms of this order in substantially the following form:

> I have reviewed the Protective Order in *B5 Design, LLC v. Salazar Solutions, Inc.*, Civil Action No. 08-cv-01346-DME-KMT, U.S. District Court for the District of Colorado, and agree to abide by its terms and to be bound by its requirements under penalty of contempt of court.

15. Disclosure of Confidential Information to any individual not contemplated by the terms of this order, absent a Court order, subpoena, or the written consent of the originating party, is prohibited. If a party receives a subpoena or legally enforceable order requiring disclosure of any Confidential Information, the receiving party shall object to the disclosure of such information, citing this Order, and shall, as soon as practical, provide notice thereof to the originating party and its counsel, and the originating party and its counsel will then raise the objection with the issuing court as they see fit.

16. Nothing contained in this order shall affect or restrict in any way the rights of any party with respect to its own documents.

17. Acceptance by a party of any information, document or thing as "Confidential" or "Attorneys Eyes Only" shall not constitute a concession that the information, document or thing is confidential. Any party or interested member of the public may contest a claim of confidentiality. If the receiving party disagrees with the designation and marking by the producing party of any material as "Confidential" or "Attorneys Eyes Only," then the parties shall first try to resolve such disputes on an informal basis. If agreement cannot be reached between counsel, then each party reserves the right to argue to the Court that information or documents designated pursuant to this order are not confidential and not entitled to protection. The failure of any party to object to the designation of information as "Confidential" or "Attorneys Eyes Only" does not prevent the party from later objecting to this designation and requesting that the party be permitted to disclose the information without regard to the terms of this Order.

18. Inadvertent production of any information which does not contain a designation of "Confidential" or "Attorneys Eyes Only" will not waive a party's claim that this information is confidential or estop a party from designating this information as "Confidential" or "Attorneys Eyes Only" at a later date. Upon notice from the originating party that information was inadvertently produced without a designation of "Confidential" or "Attorneys Eyes Only," the receiving party shall treat the information as if it had been so designated.

19. Nothing in this order shall be deemed to be a limit or waiver of the attorney-client privilege, the work product privilege, or any other relevant privilege. Further, inadvertent production of privileged information shall not waive the privilege. If privileged information is inadvertently produced, the receiving party agrees that, upon request from the originating party, it shall promptly return all copies of documents containing the privileged information, delete any versions of the documents containing the privileged information on any database or computer filing systems it maintains, and make no use of the privileged information.

20. This order shall govern all of the pre-trial proceedings in the case, but shall be subject to modification either before, during or after trial upon the merits and upon the application of any of the parties to this lawsuit for good cause shown.

21. The provisions of this order shall not affect the admissibility of evidence at trial or any preliminary evidentiary proceeding in open court except as directed by a separate order entered for good cause shown.

APPROVED and made an ORDER of the court this 14th day of November, 2008.

s/ Kathleen M. Tafoya  
KATHLEEN M. TAFOYA  
United States Magistrate Judge