IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-01346-DME-KMT

B5 DESIGN, LLC, and DALE CRANE,

      Plaintiffs,

v.

SALAZAR SOLUTIONS, INC., MARIO SALAZAR,
And TIA L. SALAZAR

      Defendants.

**ORDER DISMISSING ACTION WITH PREJUDICE**

On May 7, 2010, the Court entered an Order to Show Cause directing the parties to file responses with this Court showing why this action should not be dismissed, given the completion of the bankruptcy proceedings of the individual defendants, and the Court's prior entry of judgment against the corporate defendant. [Doc. 57.] In its order entering judgment against Defendant Salazar Solutions, Inc., the Court additionally ordered the parties to file a status report regarding the bankruptcy proceeding by June 1, 2010. [Doc. 55.]

The Plaintiffs have not responded to the Court's Order to Show Cause, nor have they filed the status report required by the Court's Order of Judgment. The Defendants have filed a response to the Order to Show Cause, arguing that the action should be dismissed. [Doc. 58.]

This Court may dismiss a case on its own initiative for failure to prosecute or comply with court orders under Rule 41(b) of the Federal Rules of Civil Procedure.

Davis v. Miller, 571 F.3d 1058, 1060 (10th Cir. 2009). It may do so after evaluating: "(1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for non-compliance; and (5) the efficacy of lesser sanctions." Ehrenhaus v. Reynolds, 965 F.2d 916, 921 (10th Cir. 1992) (citations omitted).

The Court finds: (1) the Defendants are prejudiced by the Plaintiffs' failure to respond to court orders, as they are required to pay their attorneys to prepare responses; (2) Plaintiffs' failure to obey court orders has impeded the Court's ability to manage its docket, thus interfering with the judicial process; (3) the Court is aware of no reason excusing the Plaintiffs' failure to comply, or rendering them less than entirely culpable; (4) the Court warned the parties in its May 7 Order to Show Cause of the possibility that the case could be dismissed for non-compliance; and (5) no lesser sanction than dismissal with prejudice would remedy the situation.

It is therefore ORDERED that:

- this action is DISMISSED WITH PREJUDICE.

Dated this   22nd   day of      June   , 2010.

BY THE COURT:

*s/ David M. Ebel*

U. S. CIRCUIT COURT JUDGE